IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW JOB DALY,

    **Plaintiff,**

    v.                                              CASE NO. 24-3219-JWL

BRANDON JONES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On December 5, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until January 6, 2025, to either show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC. Although Plaintiff is currently out of custody, his claims arose during his detention at the Franklin County Jail in Ottawa, Kansas ("FCJ"). Plaintiff's claims relate to his conditions at the FJC and his state criminal proceedings. (Doc. 1, at 4.)

The Court found in the MOSC that Plaintiff alleges that he was sentenced to 180 days of incarceration on February 7, 2024, and to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

1

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also found in the MOSC that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; for § 1983 purposes, a state official is the state itself when sued in his or her official capacity; Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals; district court judges are state officials; and a county district attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir.

2009) (damage claim against county prosecutor in her official capacity barred by Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State.").

The Court found in the MOSC that the official capacity claims against the state officials for monetary damages are barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

The Court also held that the state court judges are entitled to judicial immunity; the county prosecutors are entitled to prosecutorial immunity; and "probation officers are protected by absolute immunity if 'they are performing a narrowly defined judicial, executive, or legislative function.'" *Daniels v. USAO UT Dist.*, 2023 WL 4115986, at *2 (10th Cir. 2023) (unpublished) (quoting *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 347 (10th Cir. 1986) (citation omitted)). The Court also found that Plaintiff does not mention the Chief Court Services Officers—Defendants Kevin McGuffin and Brandee McArthor—in the body of his Complaint and he has not alleged that these Defendants were acting other than as an arm of the court. Plaintiff also failed to show that his state court defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor).

The Court also found that Plaintiff's court access claim was subject to dismissal for failure to allege actual injury, and ordered Plaintiff to show good cause why his court access claim should not be dismissed for failure to state a claim.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 4, at 17.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 15, 2025, in Kansas City, Kansas.**

>   S/ John W. Lungstrum
>   JOHN W. LUNGSTRUM
>   UNITED STATES DISTRICT JUDGE